*Twenty first Judicial Disrict.*

# In the Court of Common Pleas of Schuylkill County.

## *In Equity.*

### DANIEL FELTY *v.* WM. UHLER AND JACOB STEIN.

An act of assembly authorizing taxation for the payment of bounties previously paid is constitutional.

The power of the legislature to tax for public good and for public purposes extends even retrospectively to all matters not penal, not in violation of contracts, and not forbidden by the constitution.

Opinion delivered by

WALKER, J.   This was a bill in equity praying the court to grant a special injunction against the defendants to prevent the collection of a special bounty tax of 3½ per cent., levied by the School Board of Pinegrove township for the year 1865, upon the complainants property.

The bill sets forth that the complainant is the owner of certain real estate in West Pinegrove township School District, and is now charged with its rateable proportion of the public taxes on real and personal estate in said township, for state, county and township purposes, and for school purposes he is charged with his rateable proportion for West Pinegrove independent school district.

That the school directors of Pinegrove township have levied this special bounty tax in addition, and have issued their duplicates to Jacob Stein, who is proceeding to collect the same and make a levy on the personal property of the complainant, and that the president of the board is urging the collector to proceed and collect said tax.

That this special bounty tax is unjust and illegal, and that the directors have no power or authority in law or equity, to levy or collect the same—and have no jurisdiction in the independent school district of West Pinegrove—where the complainant resides.   He therefore asks equitable relief by injunction, &c.

The defendants reply to this, by saying that under the act of assembly of 23d March, 1865, (P. L. p. 593), the school directors of the several school districts of Pinegrove township, are authorized to levy and collect a tax in addition to the tax now authorized by law, for the purpose of paying $8,000, incurred in raising bounties for volunteers, under the call of the President of the United States in 1864, for 500,000 soldiers to fill the army.

That the required number of men to fill the quota of Pinegrove township, could not be obtained without payment of bounties to volunteers—and that it was determined by the people of the township, in public meetings, that as the money could not be raised by private contribution, it must

be done so by taxation—it was agreed that some of the principle tax-payers should borrow the money, which was accordingly done, and this act was passed to refund the money thus obtained, in good faith.

The questions now raised are

1. *As to the power of the directors to levy this tax.*
2. *As to the constitutionality of the act of* 1865.

The evidence establishes the fact that this tax was levied by consent of a majority of the school directors of Pinegrove school district, and West Pinegrove school distridt, (forming Pinegrove township) acting as trustees for the people in the respective school district, and it should be sustained if the law under which they acted is not unconstitutional. That is the true question. It has been repeatedly sanctioned by the court that, under our present constitution, the power of the legislature to impose taxes for the public good, and for public purposes is without limit, and may be extended to all kinds of property. (As to their power to pass ex post facto laws with reference to penal offences or vested rights, it is not contended for). See Calder *v.* Bull, 3 Dallas 386.

For instance the legislature may impose taxes for educational purposes in maintaining the common school system, whereby one man is taxed to pay for the education of the children of other parents. Comth. *v.* Hartman, 5 Harris 118.

To make an act of assembly void, it must be clearly not an exercise of legislative authority, or else be forbidden so plainly, as to leave the case free from all doubt. The power of the legislature with reference to taxation is limited *only* by their own discretion. For the abuse of it, members are accountable only to their constituents. Sharpless *v.* Mayor of Phila., 9 Harris 147. Black, C. J. in this last mentioned case most forceably says: "We can declare an act of assembly void, only when it violates the constitution *clearly, palpably, plainly*, and in such a manner as to leave *no doubt*," or hesitation in our minds. This principle is asserted by judges of every grade, both in the federal and state courts, and by some it is expressed with great solemnity." 6 Cranch, 87; 4 Dallas, 14; 3 S. & R., 178; 12 S. & R., 339; 4 Binney, 123.

"Equality of taxation is not enforced by the bill of rights." Kerby *v.* Shaw, 7 Harris 253.

"So when a moral obligation exists the legislature may give it legal effect." Lycoming *v.* Union, 3 Harris 166.

"A law that is unconstitutional is so because it is an assumption of power not legislative in its nature, or because it is inconsistent with some provision of the federal or state constitution." Commonwealth *v.* Maxwell, 3 Casey 444.

"When a right exists and no remedy to enforce it, it is within the constitutional power of the legislature to provide one." The Turnpike Co. *v.* The Comth. 2 Watts 433.

So much as to the general power of the legislature to impose taxes.

In this case the averments in the answer are that the school districts were unable to procure the requisite number of volunteers to fill the quota to avoid the draft, and that the citizens held a public meeting and agreed to ask the legislature to pass an act to enable them to raise the money to pay bounties to volunteers by special taxation. And that after this was done the money was advanced by certain citizens on the faith of this public expression of sentiment, and with the understanding that the amount so advanced should be refunded to them when the law was passed and the money collected. The money was then advanced for that purpose. These are the facts, and there is every reason why we should hold this law operative both in law and equity.

These views are confirmed by the decision of Webster et al. *v.* Hade, 2 P. F. Smith 474, which is a case in question where the bounties were first paid to the volunteers to avoid the draft and the money afterwards raised by taxation.

It is there ruled "*That the power of the legislature to lay taxes for the public good extends even retrospectively to all matters not penal, not in violation of contracts and not forbidden by the constitution, and can act directly on individual rights, although remote and indirect.*"

In Speer *v.* The School Directors, 14 Wr. 150, it is held that "a tax law is to be considered valid unless it be for a purpose in which the community taxed has palpably no interest and when it is apparent that the burden is imposed for the benefit of others than the public, and for another than the public interest.

"It is a matter involving the public welfare and interest that the quota of troops, called for from a municipal district under an impending and unexecuted draft should be filled by volunteers. Hence the payment of bounties to volunteers to enable a borough to fill its quota under a call for troops and an anticipated draft is a legal payment as for a purpose of a municipal and public nature, and an act of assembly authorizing the borough authorities to receive money for such purposes by loans and taxation is constitutional."

This doctrine is affirmed in Ahl *v.* Gleim, 2 P. F. Smith, 432. The same doctrine is held in Morgan *v.* Comth. 5 P. F. S., 456. (See also Booth *v.* Woodbury, 32 Conn. per Butler, J.) In Cunningham *v.* Mitchell, 17 P. F. S., 78, it is decided that "when acts of assembly gave authority to school directors to levy taxes to pay bounties to volunteers, (and having jurisdiction of the subject matter,) their warrant to the collector was his justification, even though the previous proceedings were irregular. These decisions are conclusive on this subject. The injunction is, therefore, refused, and the bill dismissed at the costs of the plaintiff.

Messrs. *Wm. R. Smith* and *B. W. Cumming* for plaintiff; *John Bannan*, Esq., *F. W. Hughes, T. R. Bannan*, and *J. W. Ryon*, Esqs., for defendants.